UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY WAYNE QUINN,<br><br>Plaintiff,<br><br>v.<br><br>JOHN M. DOWBAK,<br><br>Defendant. | No. 2:17-cv-0992-EFB P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915 (ECF No. 2).

**I.     Application to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.     Screening Requirements**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading

in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

### III. Screening Order

The court finds that plaintiff has failed to state a cognizable Eighth Amendment claim for deliberate indifferent to serious medical needs against defendant Dowbak. Plaintiff alleges that he suffered a broken finger on September 19, 2013 while he was incarcerated at Mule Creek State Prison. ECF No. 1 at 3. The next day, he was transported to San Joaquin General Hospital and underwent a surgery performed by defendant Dowbak. *Id.* Two pins were placed in his finger as a consequence of this surgery. *Id.* When the pins were removed on November 7, 2013, plaintiff noticed that his finger was deformed and causing him significant pain. *Id.* Shortly thereafter, he claims that he saw a second doctor who informed him that pins should never have been placed in his finger. *Id.*

The court assumes, for screening purposes, that defendant Dowbak, who is alleged to be a physician at a public hospital, is a state actor within the meaning of section 1983. *See Tebo v. Tebo*, 550 F.3d 492, 503 (5th Cir. 2008) (noting that both parties agreed that "a public hospital employee, is a state actor for purposes of Section 1983."); *see also Jones v. Nickens*, No 11-cv-2445 (JFB) (WDW), 961 F. Supp. 2d 475, 486 (E.D.N.Y. 2013).

Although plaintiff has clearly alleged an injury resulting from Dowbak's medical care, he has not alleged that this defendant acted with the requisite state of mind to support a claim of deliberate indifference. An Eighth Amendment deliberate indifference claim requires more than an allegation that a medical provider inadvertently or negligently failed to provide adequate care. *See Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976). Instead, plaintiff must allege that Dowbak acted with deliberate indifference, a standard which requires that the defendant: (1) be actually aware of facts from which an inference could be drawn that a substantial risk of harm exists; (2) actually draw the inference; but (3) nevertheless disregard the risk to the inmate's health. *See Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994). He has not alleged as much in the instant complaint. Accordingly, his complaint will be dismissed with leave to amend.

/////

**IV.     Leave to Amend**

Plaintiff will be afforded an opportunity to file an amended complaint to see if he can state a cognizable claim. If plaintiff chooses to file an amended complaint it should observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Lengthy, unbroken paragraphs can be difficult to read when handwritten and plaintiff would do well to avoid them wherever possible.

**V.      Conclusion**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is granted.

/////

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. The complaint is dismissed with leave to amend within 30 days. The new complaint must bear the docket number assigned to this case and be titled "Amended Complaint." If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.
4. Failure to comply with this order may result in dismissal of this action.

DATED: October 5, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE