UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY WAYNE QUINN,<br><br>Plaintiff,<br><br>v.<br><br>JOHN M. DOWBAK,<br><br>Defendant. | No. 2:17-cv-992-MCE-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He alleges that defendant John M. Dowbak ("defendant") violated his Eighth Amendment rights by exhibiting deliberate indifference toward his serious medical needs. ECF No. 12. Defendant has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 19. Plaintiff has filed an opposition (ECF No. 24) and defendant has filed a reply (ECF No. 25).[1] For the reasons stated hereafter, defendant's motion to dismiss should be granted.

/////

/////

---

[1] Wanting to have the last word, plaintiff filed a reply to defendant's reply. ECF No. 26. The local rules do not contemplate a surreply as a matter of right. Nevertheless, the court has considered this surreply and it does not alter the court's conclusion that the complaint must be dismissed with leave to amend.

1

Motion to Dismiss

I. Background

Plaintiff alleges that, on September 19, 2013 and while incarcerated at Mule Creek State Prison, he suffered a fractured finger. ECF No. 12 at 1. On September 20, 2013, he was transported to San Joaquin General Hospital where defendant performed surgery on the finger. *Id.* at 1-2. The procedure involved the placement of two pins in the fractured digit. *Id.* at 2. Plaintiff contends that the result of the surgical procedure was a finger alignment that was "grossly anatomic"[2] and that "any reasonable surgeon would have taken notice and . . . utilized corrective measures to abate the substantial risk of harm." *Id.* Plaintiff contends that he learned that his finger was "grossly anatomic" from - Dr. E. Horowitz – a reviewing physician. *Id.*

II. Legal Standards

    A. Motion to Dismiss

A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light

/////

---

[2] As discussed below, plaintiff appears to misapprehend the meaning of those terms, which he has taken form the medical reports. Rather than reading them as an indication that the anatomy of the finger was largely intact following the operation, he apparently has misinterpreted the words as indicating a "medically unacceptable" result.

2

most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc*., 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co*., 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Ileto v. Glock Inc*., 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

B. <u>Deliberate Indifference</u>

To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay, or intentional interference with medical treatment, or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.*

3

It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eighth Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Plaintiff must show a deliberate disregard for a known medical need. The Ninth Circuit has made clear that a difference of medical opinion is, as a matter of law, insufficient to establish deliberate indifference. *See Toguchi*, 391 F.3d at 1058. "Rather, to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.'" *Id.* (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)).

III.   Analysis

Defendant argues that plaintiff has failed to state a cognizable claim against him. For the reasons stated hereafter, the court agrees.

    A.    Judicial Notice[3]

The court begins by noting that defendant has requested that the court take judicial notice of two medical definitions. First, he asks that the court recognize that the medical definition of the term "gross" is "large enough to be visible to the naked eye." ECF No. 19-2 at 1. He has attached a copy of the foregoing definition of "gross" from the 26th Edition of Stedman's Medical Dictionary (1995). *Id.* at 14. Second, defendant asks the court to recognize that the medical definition of "anatomical" is: (1) "relating to anatomy;" and/or (2) "denoting a strictly

---

[3] When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond. . . . A court may, however, consider certain materials -- documents attached to the complaint, documents incorporated by reference in the complaint, or *matters of judicial notice* -- without converting the motion to dismiss into a motion for summary judgment.

*United States v. Ritchie*, 342 F. 3d 903, 907-08 (9th Cir. 2003) (emphasis added).

4

morphological feature distinct from its physiological or surgical considerations, e.g., anatomical neck of the humerus, anatomical dead space, anatomical lobulation of the liver." *Id.* at 2. He has attached a copy of the foregoing definition of "anatomical," also from the 26th Edition of Stedman's Medical Dictionary (1995). *Id.* at 18.

Federal Rule of Evidence 201 allows a court to take judicial notice of facts that are either "(1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). It is well-established that courts can consider dictionary definitions in determining the "plain, unambiguous, and common meanings of terms." *United States v. Wealth and Tax Advisory Servs., Inc.*, 526 F.3d 528, 530 (9th Cir. 2008). Thus, the court finds it appropriate to take judicial notice of the two definitions set forth *supra*.

B. <u>Failure to State a Claim of Deliberate Indifference</u>

Defendant states, and the court agrees, that the First Amended complaint raises a single contention of deliberate indifference – namely that the surgical procedure performed by defendant on plaintiff's finger resulted in an alignment that was "grossly anatomic" and that defendant recognized this deficiency but did nothing to correct it. Defendant argues that "grossly anatomic," viewed in light of the medical definitions in the foregoing section, simply means that "at the macro-level of observation (to the naked eye) the anatomy is normal." ECF No. 19-1 at 5. The reviewing physicians' use of this term does not, defendant contends, have any bearing on whether he knowingly disregarded a risk to plaintiff's health. *Id.* To the contrary, he argues that it "shows that there was no surgical complication and Plaintiff's finger fracture was normally aligned." *Id.*

Plaintiff's opposition does not explicitly address the definition of "grossly anatomic" which defendant advances. Instead, he reiterates his allegation that "the course of treatment" defendant chose to undertake was "medically unacceptable under the circumstances," though he does not explain how this was so. ECF No. 12 at 2; ECF No. 24 at 4. Additionally, he argues for the first time that defendant's approach to the surgery was "cursory" and effectively amounted to

/////

5

1  "getting no treatment at all." ECF No. 24 at 4. Plaintiff does not explain what "cursory" means in this context.

Plaintiff's current complaint is predicated on the notion that several reviewing physicians found his post-surgery finger to be "grossly anatomic," which he takes as some sort of pejorative characterization as to the result of the surgery. ECF No. 12 at 2. In light of the judicially-noticed definitions of these terms, the court concludes that the fact that plaintiff's finger was "grossly anatomic" after the surgery is, taken as true, insufficient to establish deliberate indifference on the part of the defendant. Additionally, plaintiff's other allegations against defendant are too vague to state a viable claim. An allegation that a defendant's treatment was "cursory" or "medically unacceptable under the circumstances" amounts to little more than the sort of "unadorned, the-defendant-unlawfully-harmed me accusation" which the Supreme Court has found inconsistent with federal pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

C.  Leave to Amend

Dismissal without leave to amend is proper only if it is apparent that "the complaint could not be saved by any amendment." *Intri-Plex Techs. v. Crest Group, Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007) (citing *In re Daou Sys., Inc.*, 411 F.3d 1006, 1013 (9th Cir. 2005); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . ."). Here, the court is not yet able to conclude that no amendment would save plaintiff's complaint. Thus, plaintiff will be granted leave to amend.

Conclusion

Based on the foregoing, it is HEREBY RECOMMENDED that defendants' motion to dismiss (ECF No. 19) be GRANTED and plaintiff's complaint be DISMISSED with leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 16, 2018.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE