UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY WAYNE QUINN,<br><br>Plaintiff,<br><br>v.<br><br>JOHN M. DOWBAK,<br><br>Defendant. | No. 2:17-cv-0992-MCE-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Defendant moves to dismiss plaintiff's second amended complaint. ECF No. 32. For the reasons that follow, the motion should be denied.

**I.  The Second Amended Complaint**

Plaintiff alleges that defendant Dowbak, the surgeon who repaired his middle right finger after it was fractured, was deliberately indifferent to plaintiff's serious medical needs in two ways: (1) by placing two pins in plaintiff's finger incorrectly and (2) by failing to perform an x-ray on plaintiff's finger after the surgery to check that the pins were in the correct position and that the finger was healing properly. ECF No. 33 at 1-2. According to plaintiff, this indifferent medical care caused him to suffer and required that he undergo a second surgery on his finger. *Id.* at 2. Plaintiff's Exhibit A to the second amended complaint is a "Final Report" following an orthopedic consultation, authored by Albert R. Swafford, MD, on June 21, 2018. *Id.* at 6. Dr. Swafford diagnosed plaintiff with stiffness of the middle right finger. *Id.* He noted that:

1

> The patient has chronic stiffness of the MP joint of the right total finger post fracture. His fracture has healed satisfactorily. He has had therapy but has not made satisfactory recovery and has persistent stiffness of the middle finger MP joint.

*Id.* Accordingly, Dr. Swafford ordered another surgery for plaintiff's finger. *Id.*

## II. The Motion to Dismiss

### a. Legal Standard

Defendant moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive such a motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual

/////

2

allegations. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

### b. <u>Analysis</u>

Defendant argues that plaintiff fails to state facts sufficient to support a claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment. ECF No. 32.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions-of-confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." *Johnson v. Lewis*, 217 F.3d 726, 731-32 (9th Cir. 2000) (quotations and citations omitted).

To succeed on an Eighth Amendment claim predicated on the denial of adequate medical care, a plaintiff must establish that: (1) he had a serious medical need and (2) the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. A defendant's response to the need is deliberately indifferent when she (a) purposefully acted or failed to respond to the prisoner's pain or possible medical need and (b) thereby caused harm. *Id.* A deliberately indifferent response may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care was provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

/////

Thus, a defendant will be liable for violating the Eighth Amendment if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842.

Defendant argues that plaintiff's allegations, at most, state a claim for professional negligence. *Id.* at 5. Defendant points out that, in the exhibit attached to the complaint, Dr. Swafford noted that plaintiff's fracture had "healed satisfactorily." ECF No. 33 at 6. Defendant is correct that medical negligence itself cannot establish a violation of the Eight Amendment. But defendant's argument understates the allegations of the complaint.

At this stage of the proceedings, the court must liberally construe plaintiff's complaint and take his allegations as true. Plaintiff claims that defendant placed the pins in his finger incorrectly and then failed to do a post-surgical x-ray and that these failures amounted to deliberate indifference. He also alleges that this conduct was "deficient to the extent it was obvious to [another] physician that the plaintiff needed another surgery." *Id.* at 2. Resolution of whether such conduct was reasonable or, at most, negligent (as defendant claims), or so deficiently obvious that an inference of knowledge for purposes of deliberate indifference (as plaintiff claims) appears to be a factual issue that requires consideration of facts and the review of evidence which is beyond the face of the complaint. Defendant's argument may ultimately be found correct but it cannot be determined from the face of the complaint. Thus, while defendant may well prevail on the question in the context and standards applicable to a summary judgment motion, the court must accept as true the facts alleged in the complaint and draw all permissible inferences in plaintiff's favor. This includes any inference of knowledge from facts indicating that the risk of harm was obvious. *See Farmer v. Brennan*, 511 U.S. 825, 842, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) ("[A] factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious ."); *Lolli v. Cty. of Orange*, 351 F.3d 410, 420–21 (9th Cir. 2003) ("[D]eliberate indifference to medical needs may be shown by circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually knew of a risk of harm.").

It is possible that further evidence will show that defendant's conduct was acceptable or simply negligent; it is also possible that further evidence will show that the placement of the pins and/or failure to do an x-ray after the surgery were so grossly deficient as to amount to deliberate indifference. The court notes that, while Dr. Swafford wrote that the fracture had healed satisfactorily, he also wrote that plaintiff had not made a satisfactory recovery and suffered persistent stiffness in the finger. Further development of Dr. Swafford's observations on the point may prove dispositive. But the exhibit, itself, is not.

### III. Conclusion and Recommendation

For the reasons set forth above, it is hereby RECOMMENDED that defendant's October 16, 2018 motion to dismiss (ECF No. 32) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 29, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE