UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY WAYNE QUINN, | No. 2:17-cv-992-MCE-EFB P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| JOHN M. DOWBAK, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He alleges that Dr. John M. Dowbak ("defendant"), the sole defendant in this action, violated his Eighth Amendment rights by exhibiting deliberate indifference toward his serious medical needs. Defendant has moved for summary judgment (ECF No. 52) and, therein, argues that there is no evidence that he was deliberately indifferent to plaintiff's serious medical needs. Plaintiff has filed an opposition (ECF No. 67) and defendant has filed a reply (ECF No. 68). For the reasons stated hereafter, defendant's motion should be granted.

BACKGROUND

Plaintiff alleges that, on September 19, 2013 and while incarcerated at Mule Creek State Prison, he suffered a fracture in the middle finger of his right hand that necessitated surgery. ECF No. 33 at 1. The following day, he was transferred to San Joaquin General Hospital and defendant performed surgery on his finger. *Id.* Plaintiff alleges that the surgery involved

1

defendant placing two pins in his finger. *Id.* at 1-2.  He claims, however, that the pins were placed incorrectly and this mistake caused the injury to heal improperly. *Id.* at 2.  Additionally, he claims that defendant failed to take X-rays of his finger after the surgery in order to determine whether the pins had been properly placed. *Id.*

## LEGAL STANDARDS

### I. Summary Judgment Standard

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994).  At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).  Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).  If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

/////

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See, e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id.* at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id.* If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in

3

question.  Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim.  Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial.  *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076.  More significantly, to demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252.  Absent any such evidence there simply is no reason for trial.

The court does not determine witness credibility.  It believes the opposing party's evidence, and draws inferences most favorably for the opposing party.  *See id.* at 249, 255; *Matsushita*, 475 U.S. at 587.  Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences.  *American Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322).  If reasonable minds could differ on material facts at issue, summary judgment is inappropriate.  *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).  On the other hand, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted).  In that case, the court must grant summary judgment.

    II.    Deliberate Indifference to Serious Medical Needs

To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096.  Deliberate indifference may be shown by the denial, delay, or intentional

1   interference with medical treatment, or by the way in which medical care is provided. *Hutchinson*
2   *v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

3         To act with deliberate indifference, a prison official must both be aware of facts from which
4   the inference could be drawn that a substantial risk of serious harm exists, and he must also draw
5   the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he
6   knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to
7   take reasonable measures to abate it." *Id.* at 847. A physician need not fail to treat an inmate
8   altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884
9   F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even
10  if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.*

11        It is important to differentiate common law negligence claims of malpractice from claims
12  predicated on violations of the Eighth Amendment's prohibition of cruel and unusual punishment.
13  In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not
14  support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980)
15  (citing *Estelle*, 429 U.S. at 105-06); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir.
16  2004). Plaintiff must show a deliberate disregard for a known medical need. The Ninth Circuit
17  has made clear that a difference of medical opinion is, as a matter of law, insufficient to establish
18  deliberate indifference. *See Toguchi*, 391 F.3d at 1058. "Rather, to prevail on a claim involving
19  choices between alternative courses of treatment, a prisoner must show that the chosen course of
20  treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious
21  disregard of an excessive risk to [the prisoner's] health.'" *Id.* (quoting *Jackson v. McIntosh*, 90
22  F.3d 330, 332 (9th Cir. 1996)).

23  ANALYSIS

24      Defendant argues that the record demonstrates that he was not deliberately indifferent to
25  plaintiff's medical needs. The record supports his contention.

26        The first part of plaintiff's claim – that defendant erred in placing the pins in his injured
27  finger – sounds in negligence. Even if defendant erred in performing the surgery, there is no
28  allegation that his mistake was anything more than negligence (which, as noted *supra*, is

insufficient to establish an Eighth Amendment claim for medical deliberate indifference). That is, nothing in plaintiff's operative complaint alleges or indicates that, in performing the surgery, defendant knew of and disregarded an excessive risk to plaintiff's health and safety. He simply alleges that "[defendant] did not place the pins in [plaintiff's] finger correctly which cause[d] plaintiff['s] finger to heal improperly . . . ." ECF No. 33 at 2. This is insufficient. *See Toguchi*, 391 F.3d at 1057 (defendant "must not only be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, but that person must also draw the inference . . . . Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.") (internal quotation marks and citations omitted).

Second, and with respect to plaintiff's claim that defendant failed to take X-rays after the procedure, the court finds this contention plainly contradicted by the record. Exhibits attached to defendant's motion indicate that, shortly after the surgical procedure on plaintiff's finger was performed, plaintiff underwent a fluoroscopy[1] which provided an image of the pins in his finger. ECF No. 54 at 1-2, ¶ 4; ECF No. 55 at 23. Moreover, records indicate that on October 3, 2013, plaintiff's finger was X-rayed again, and proper alignment was visible therefrom. *See* ECF No. 54 at 2, ¶ 5; ECF No. 55 at 3, 5.

In his opposition, plaintiff claims that material disputes of fact remain. The court sees no evidence of this in the record. Plaintiff persists in claiming that defendant "botched" his surgery. ECF No. 67 at 5. The remainder of the opposition is devoted to arguing and bolstering this claim. But, as noted above, even if defendant botched plaintiff's surgery, that does not automatically equate to deliberate indifference. Negligence, even gross negligence, does not give rise to a constitutional violation.

Thus, for the reasons stated above, defendant's motion for summary judgment must be granted. Further, plaintiff's pending motion to compel CDCR to transfer his personal property will be denied.[2] ECF No. 66. It may be that CDCR's failure to transfer plaintiff's property

---

[1] Defendant notes that a "[f]luoroscopy is a type of medical imaging that shows a continuous X-ray image on a monitor, much like an X-ray movie." ECF No. 52-2 at 3, n. 1.

[2] The only pertinence the alleged failure to transfer plaintiff's property has to the

presents a claim appropriate for a separate action, but it no longer has any relevance to the one at bar.

### CONCLUSION

Accordingly, it is hereby ORDERED that plaintiff's motion to compel (ECF No. 66) is DENIED.

Further, it is recommended that:

1. Defendant's motion for summary judgment (ECF No. 52) be GRANTED; and
2. The Clerk be directed to enter judgment for defendant and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 6, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

immediate action is his claim that, absent his property, he cannot file an opposition to defendant's motion for summary judgment.  ECF No. 66 at 2.  However, plaintiff has now submitted his opposition.  ECF No. 67.

7